**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**ANDREW ALBANESE,**

          **Plaintiff,**

**-v.-**                                                      **3:05-CV-1041**
                                                             **(NAM)(GHL)**

**CHENANGO COUNTY, et al.;**
**HOWARD E. SULLIVAN, Judge;**
**JOE MCBRIDE, District Attorney;**
**ALLEN GORDON, Head Public Defender; and**
**THOMAS LOUGHREN, Sheriff,**

          **Defendants.**

_____

**APPEARANCES:**

ANDREW ALBANESE
Plaintiff, *pro se*
Last Known Address:
Chenango County Correctional Facility
14W Park Place
Norwich, New York 13815

NORMAN A. MORDUE, Chief Judge

### ORDER

Plaintiff *pro se* Andrew Albanese commenced this action on August 16, 2005.  In an

Order dated September 22, 2005, Dkt. no.4, the Court dismissed defendants Howard E. Sullivan,

Joe McBride, and Allen Gorden, directed plaintiff to file an amended complaint within thirty (30)

days of the date of the Order, and directed plaintiff to either pay the $250.00 filing fee or submit

an *in forma pauperis* application and a signed inmate authorization form for $250.00, within

thirty (30) days of the date of the Order.  The Court advised plaintiff that failure to comply with

the Order would result in dismissal of the action.  On October 24, 2005, Magistrate Judge George

Lowe granted plaintiff's request for an extension of time to file an amended complaint and

directed plaintiff to file an amended complaint on or before November 30, 2005. Dkt. no.5. The

Order granting plaintiff's request for an extension was mailed to plaintiff, and on November 14,

2005, was returned as undeliverable. Dkt. no.6. To date, plaintiff has failed to file an amended

complaint and pay the $250.00 filing fee or file an *in forma pauperis* application with a signed

inmate authorization form for $250.00. Further, plaintiff has not advised the Court of his current

address. *See* Local Rule 10.1(b)(2) (requiring *pro se* litigants to notify the Court of any change of

address). Local Rule 41.2(b), provides that failure to notify the Court of a change of address may

result in dismissal of the action. In an Order dated January 11, 2006, the Court directed plaintiff

to file an amended complaint, apprise the Court of his current address, and pay the $250.00 filing

fee or file an *in forma pauperis* application with a signed inmate authorization form for $250.00

within twenty (20) calendar days of the date of the Order. Dkt. no. 7. That Order was returned to

the Court marked undeliverable.

When considering dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to comply, the

Court must look to:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Alvarez v. Simmons Mkt. Research Bureau, Inc*., 839 F.2d 930, 932 (2d Cir. 1988) (internal

quotations and citations omitted). Dismissal under Rule 41(b) is a "'harsh remedy to be utilized

only in extreme situations,'" *LeSane v. Hall's Security Analyst, Inc*., 239 F.3d 206, 209 (2d Cir.

2001) (quoting *Theilmann v. Rutland Hosp., Inc*., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)).

Further, *pro se* litigants "should be granted special leniency regarding procedural matters", *id*.,

and the Court "should dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) (internal quotation marks and citations omitted).

Plaintiff has failed to comply with the Court's Order to file an amended complaint and pay the filing fee or submit a signed inmate authorization form, despite receiving two extensions of time. The Court advised plaintiff in its September 22, 2005, Order that failure to file an amended complaint or the filing fee or an inmate authorization form would result in dismissal of this action. While cognizant of plaintiff's status as a *pro se* litigant, in view of his failure to comply with the Court's previous Order, and the insufficient and/or deficient complaint presently before the Court (*see* Dkt. no.4, p.10), having considered the above factors, the Court finds that dismissal of this action is warranted. Accordingly, it is hereby

ORDERED that the complaint is dismissed without prejudice; and it is further

ORDERED that the Clerk of the Court close this case.

IT IS SO ORDERED.

Dated: March 20, 2006

Norman A. Mordue
Chief United States District Court Judge

3